## John W. Miller v. Mary A. Cinnamon.

1. DEFENSES—*Inconsistent Conduct, etc.*—The conduct of a defendant to a suit for services in making charges in a book account against the plaintiff for money obtained from him from time to time with which to buy clothing and other necessaries, is not consistent with the contention that the plaintiff lived with him as a member of his family without an intention of charging for such services.

2. LIMITATIONS—*Mutual Accounts.*—If a suit is brought to recover for services, and amounts have been paid from time to time on the services, the statute does not begin to run until the date of the last payment.

3. SAME—*What Amounts to a New Promise—Payments.*—A defendant in a suit for services exhibited a book account showing payments made at various times in sums from $10 to $85, etc. *It was held*, that each of these payments amounted to a new promise sufficient to take the case out of the statute.

**Assumpsit**, for services. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

HILL, HAVEN & HILL, attorneys for appellant.

HALEY & O'DONNELL, attorneys for appellee, contended that there is a mutual account between plaintiff and defend-

ant, and the statute of limitations has no application whatever. Thompson v. Reed, 48 Ill. 118.

The statute of limitations could only begin to run at the date of the last item. Mills v. Davies, 42 Ia. 91; Keller v. Jackson, 58 Ia. 629.

Where the set-off claimed on one side was a valid account for work and labor, and on the other side it was for board furnished in the meantime, it was held that the account was mutual. Schall v. Eisner, 58 Ga. 190.

Mr. Justice Harker delivered the opinion of the Court.

This is an action of assumpsit for work as a domestic brought by appellee against appellant, her brother. To the declaration was filed a plea of the general issue and a plea of the statute of limitations that the cause of action did not accrue to the plaintiff within five years before the commencement of the suit. To the plea of the statute of limitation two replications were filed; one that the cause of action did accrue within the five years before the commencement of the suit, and the other that the defendant, within five years before the commencement of the suit, promised the plaintiff to pay her the sums of money claimed in the declaration. Issue was taken on these replications and a trial had by jury, resulting in a verdict and judgment in favor of the plaintiff for $1,000.

The evidence shows that the defendant owned and operated a dairy farm in Will county.

He operated, in connection with his farm, a creamery. The plaintiff, for a period of nine years, was constantly occupied on the farm and in the defendant's house and creamery, cooking, sewing, washing, milking and caring for the milk, cream and butter. It was for such services that she sought a recovery at the rate of $5 per week.

The defendant did not deny the services, but contended that she rendered them as a member of his family, and that during the time he fed, clothed and supported her, and there was no agreement or understanding for the payment

of wages.   But the plaintiff and a sister, who lived with the defendant and performed like service for over seven years of the same time, testified that shortly after their mother's death, in 1883, the defendant promised that if they would stay with and help him until he got his debts paid, he would pay them.   Although this was denied by the defendant, the jury found with the plaintiff and, we think, rightfully.   The subsequent conduct of the defendant in making charges in a book account against the plaintiff for money obtained from him from time to time, with which to buy clothing and other necessaries, is not consistent with the contention that she lived with him as a member of his family without intention of charging for her services.

The evidence abundantly shows that the plaintiff earned all she received from the plaintiff and the $1,000 awarded her by the jury.

Much complaint is made of the refusal of the court to instruct the jury that the plaintiff could not recover for any of the services rendered more than five years before the commencement of the suit, unless there was a new promise made on his part to pay for them or an unqualified admission by him that he owed for such services.   We take it that the court refused to give the instructions asked on this branch of the case because he considered that there was a mutual account running between the parties and the instructions entirely ignored the effect of mutual credits.

Where there is a mutual account between the plaintiff and the defendant, growing out of the same transaction, the statute of limitations does not apply.   Or, to apply the rule more pointedly to this case, if suit is brought to recover for services, and amounts have been paid from time to time on the services, the statute does not begin to run until the date of the last payment.

The evidence shows payments of money for clothing and other necessaries from time to time during each one of the nine years.

It is true the defendant claims that these payments were not upon wages for services, but for her support as a mem-

ber of his family. But the jury found against him on that contention. Upon the contract, as found by the jury, the defendant was allowed credits for all money given her to procure clothing and other necessaries as against her claim for compensation. He exhibited a book account showing payments made at various times and in sums from $10 to $85, from February, 1889, to May, 1892, aggregating $598. Each of these payments amounted to a new promise, sufficient to take the case out of the statute.

The view which we have expressed with reference to the effect of the mutual account disposes of appellant's objection to the fifth and seventh instructions given for the plaintiff. The only objection that we see to any of the plaintiff's instructions is the sixth, and that for the reason that it gives too great prominence to certain branches of the evidence which were not controlling in their effect.

But we are of the opinion that substantial justice has been done and are not disposed to disturb the finding of the jury because of error in the giving of instructions. Judgment affirmed.